UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

METEKA N. PETERS,

    Plaintiff,

v.                                                                Case No. 8:18-cv-2466-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1974, completed two years of college, and has past relevant work experience as a motivational speaker, administrative clerk, door-to-door sales representative, and customer service representative. (R. 19). In August 2014, the

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this suit.

Plaintiff applied for DIB and SSI, alleging disability as of January 1, 2012, due to arthritis, fibromyalgia, depression, anxiety, chronic pain, high cholesterol, and high blood pressure. (R. 395-409, 448). The Social Security Administration (SSA) denied her applications both initially and on reconsideration. (R. 177-80).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on August 9, 2017. (R. 39-153). The Plaintiff appeared without a representative at that hearing and testified on her own behalf. A vocational expert (VE) also testified.

In a decision dated October 5, 2017, the ALJ found that the Plaintiff: (1) met the insured status through December 31, 2013, and had not engaged in substantial gainful activity since her alleged onset date of January 1, 2012; (2) had the severe impairments of obesity, ulcer, fibromyalgia, rheumatoid arthritis, peripheral neuropathy, depressive disorder, anxiety disorder, ulcerative colitis, carpal tunnel syndrome, and thoracic degenerative disc disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform sedentary work, except that, among other restrictions, she was mentally limited to "simple, routine tasks;" and (5) based in part on the VE's testimony, could not perform her past relevant work but was capable of performing other jobs that exist in significant numbers in the national economy—namely, the representative occupations of document preparer, order clerk, and call out operator. (R. 10-20). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 20).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.

2005)). "[W]hile the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff's sole argument on appeal is that the ALJ failed to address the apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT).[4] (Doc. 16 at 17-19). In particular, she claims that, although the ALJ found her capable of performing only "simple, routine tasks," the DOT descriptions for the positions of document preparer (DOT #249.587-018), order clerk (DOT #209.567-014), and call out operator (DOT #237.367-014) identified by the VE and adopted by the ALJ all require a reasoning level of three[5] and a language level of two. *Id.* Because neither the VE nor the ALJ addressed these apparent inconsistencies, the Plaintiff maintains that reversal is mandated. *Id.*

The Commissioner counters that there is no apparent conflict that the ALJ was duty-bound to address, asserting that the Plaintiff does not show a discrepancy in the language and reasoning levels required to engage in the above-specified occupations. In addition, the Commissioner posits that the Plaintiff's educational and vocational

---

[4] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.
[5] Reasoning levels—which range from one to six—measure a claimant's ability to engage in certain basic functions related to education and require the claimant to be capable of carrying out instructions and perform mental tasks. DOT, App. C (4th ed. 1991), 1991 WL 688702.

5

history belie any argument that she cannot perform jobs requiring a reasoning level of three. *Id.* at 35-38.

After careful consideration of the matter, including a thorough review of the record and the parties' submissions, the Court agrees with the Plaintiff that the ALJ erred by not addressing the apparent discrepancies between the VE's testimony and the DOT with respect to the reasoning levels.[6]

It is now well settled that where an ALJ elects to elicit testimony from a VE, the ALJ "has an affirmative obligation to identify any 'apparent' conflict [between the VE's testimony and the DOT] and to resolve it." *Washington*, 906 F.3d at 1362 (citing Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000)). An "apparent conflict" is "more than just a conflict that is made apparent by the express testimony of the VE." *Id.* at 1365. Instead, "[a]t a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* "Apparent" in this context is "taken to mean apparent to an ALJ who has ready access to and a close familiarity with the DOT." *Id.* at 1366.

The ALJ's duty to take notice of and resolve apparent conflicts exists both during and after the hearing and does not depend on whether they are raised by a party. *Id.* at 1363. "The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Id.* at 1362.

---

[6] The Court finds no merit, however, to the Plaintiff's assertion that a language level of two is inconsistent with a limitation to simple, routine tasks. *See* DOT, App. C, 1991 WL 688702.

The ALJ did not fulfill her duty in this case. As noted above, the document preparer, order clerk, and call out operator positions supplied by the VE all have a reasoning level of three. *See* DOT #249.587-018, 1991 WL 672349 (document preparer); DOT #209.567-014, 1991 WL 671794 (order clerk); DOT #237.367-014, 1991 WL 672186 (call out operator). According to the DOT, a reasoning level of three mandates that an individual engaged in these occupations have the ability to apply a "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to deal "with problems involving several concrete variables in or from standardized situations." *Id*. By contrast, a job with a reasoning level of one only necessitates that an individual have the ability to apply "a commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C, 1991 WL 688702.

From these DOT descriptions, it is not clear that a person with the Plaintiff's mental limitations would be able to successfully carry out the duties of a document preparer, order clerk, or call out operator. While the Eleventh Circuit has yet to address this specific issue in a published decision in the wake of *Washington*, it has found, in an unpublished decision, that "there is at least 'apparently' a conflict between an employee limited to 'simple, routine tasks' and one able to 'deal with problems involving several concrete variables.'" *Johnson v. Comm'r of Soc. Sec.*, 782 F. App'x 875,

878 (11th Cir. 2019) (per curiam) (relying on *Washington*).[7] In *Johnson*, the Court reversed and remanded the case so that the ALJ could satisfy his "affirmative obligation to investigate and resolve this apparent conflict." *Id.* (internal quotation marks omitted).

Most district courts in this Circuit post-*Washington* have also found an apparent conflict when an ALJ's hypothetical question posed to the VE limits a claimant to simple work and the VE then identifies representative jobs for the claimant that have reasoning levels of two or three. *See, e.g., Howard v. Comm'r of Soc. Sec.*, 2019 WL 4738137 (M.D. Fla. Sept. 27, 2019) (vacating and remanding where VE named jobs with reasoning levels of two and three and finding apparent conflict between those reasoning levels and ability to understand, remember, and carry out only simple instructions); *Salermo v. Saul*, 2019 WL 4595157, at *3 (M.D. Fla. Sept. 19, 2019) (recognizing Eleventh Circuit's broad definition of term "apparent" in *Washington* and explaining "[t]he DOT states that, unlike reasoning level 1, reasoning level 2 requires the ability to carry out detailed instructions. That appears to be inconsistent with simple work."); *Saffioti v. Comm'r of Soc. Sec.*, 2019 WL 1513354, at *3 (M.D. Fla. Apr. 8, 2019) (finding apparent conflict between DOT and VE's testimony, where VE

---

[7] In a recent unpublished, *per curiam* decision, the Eleventh Circuit stated that it "has not yet decided in a published opinion whether a limitation to simple, routine repetitive work is inconsistent with a job that requires a general education development reasoning level of three." *Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 674 (11th Cir. 2019). The Court determined in *Wooten* that it did not need to resolve this question because one of the three jobs the ALJ identified in that case had a reasoning level of one, which was consistent with the plaintiff's RFC and thus rendered any such error harmless. *Id.*

opined that plaintiff with restriction to simple instructions could perform jobs with reasoning level of two); *Liao v. Berryhill*, 2019 WL 2254961, at *1 (S.D. Fla. Feb. 28, 2019) (reversing Commissioner's decision where, in response to ALJ's query regarding claimant limited to "simple, routine, repetitive tasks, or unskilled work," VE supplied three occupations with a reasoning level of three and "the ALJ neither identified nor explained this conflict between the VE's testimony and the DOT"); *Borroto v. Comm'r of Soc. Sec.*, 2019 WL 488327, at *9-10 (M.D. Fla. Jan. 8, 2019) (observing it to be apparent "that a job requiring someone to carry out 'detailed' instructions [i.e., a job with a reasoning level of two] or '[d]eal with problems involving several concrete variables' [i.e., a job with a reasoning level of three] would conflict with a limitation to "simple, routine tasks"), *report and recommendation adopted*, 2019 WL 290599 (M.D. Fla. Jan. 23, 2019).[8]

As with the above-cited cases, the record here sheds no light on the seeming discrepancy between the three jobs denominated by the VE and the respective reasoning requirements for those positions. Neither the VE nor the ALJ took notice of, much less resolved, this apparent inconsistency at the hearing or anytime thereafter. Thus, the Count concludes that, at the very least, the ALJ should have addressed the matter given the dictates of *Washington*.

The Eleventh Circuit's decision in *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793 (2011), upon which the Commissioner relies, does not lead to a contrary

---

[8] *But see Buckwalter v. Saul*, 2019 WL 4277487, at *12 (S.D. Fla. Sept. 10, 2019) (finding no conflict between reasoning levels two and three and a limitation to unskilled work).

conclusion. In that case, the Eleventh Circuit relied upon the claimant's particular educational and vocational history in finding no apparent inconsistency between a limitation to simple, routine tasks and the ability to work as a fast food worker or as a mail clerk, even though those jobs involved respective reasoning levels of two and three. *Id.* That decision, however, was decided prior to *Washington* and rested, at least in part, on the now repudiated proposition that a VE's testimony "trumps" the DOT whenever there is a conflict between the two. *Id.* at 796 (quoting *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999)).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is reversed and remanded for further proceedings.

2. The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

3. The Court retains jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 19th day of February 2020.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record